806 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sammie E. LOWE, Appellant,
v.
Harrison COMBS, John J. O'Connell, Paul R. Dean, Trustees
UMWA Health & Retirement Funds, Appellees.
 No. 86-2029.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 17, 1986.
Decided Dec. 3, 1986.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, District Judge. (C/A No. 84-0405-A)
 Sammie E. Lowe, appellant pro se.
 William F. Hanrahan, Jeffrey B. Cohen, Glenda S. Finch, UMWA Health & Retirement Funds; Stuart B. Campbell, for appellees.
 W.D.Va.
 AFFIRMED.
 Before WIDENER and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Sammie E. Lowe, a former coal industry employee, appeals from a denial of disability pension benefits. In 1981, Lowe sought disability pension benefits under the 1974 Pension Plan of the United Mine Workers of America ("1974 Plan" or "Plan"). The trustees of the Plan denied Lowe's application for benefits after several evaluations and reevaluations of his claim. Lowe, at that time represented by counsel, filed an action under 29 U.S.C. Sec. 1132 seeking an order compelling the defendants to pay benefits under the 1974 Plan. The defendants denied that Lowe was entitled to such benefits. The district court determined that there was substantial evidence supporting the trustees' decision to deny disability benefits and granted the defendants' motion for summary judgment. After reviewing the record, we affirm.
 
 
 2
 In reviewing the decision of trustees to deny benefits, a federal court is limited to determining whether the trustees' action was arbitrary or capricious. Berry v. Ciba-Geigy Corp., 761 F.2d 1003 (4th Cir.1985); LeFebre v. Westinghouse Electric Corp., 747 F.2d 197 (4th Cir.1984). Under this standard, the court must determine whether the decision of the trustees was supported by substantial evidence and whether they have made an erroneous decision on a question of law. See LeFebre, supra, at 204. If the trustees' decision is based upon substantial evidence and is not arbitrary and capricious, then that decision is not to be disturbed. Id. at 208.
 
 
 3
 Lowe's application for disability benefits was governed by the terms of the 1974 Plan, which provided in relevant part:
 
 
 4
 Any Participant who ... becomes totally disabled on or after December 6, 1974, as the result of a mine accident shall, upon his retirement ... be eligible for a pension while so disabled. A Participant shall be considered to be totally disabled only if by reason of such accident he is subsequently determined to be eligible for Social Security Disability Insurance Benefits under Title II of the Social Security Act....
 
 
 5
 Lowe was awarded Social Security disability benefits on September 17, 1981, thereby fulfilling one of the two conditions of eligibility under the 1974 Plan. The trustees denied his claim on the basis that the disability underlying his Social Security award was not the result of a mine accident.
 
 
 6
 Substantial evidence supported the trustees' conclusion that Lowe's disability did not result from a mine accident. Lowe's principal contention before the trustees and before this Court was that he was disabled as the result of a mine accident occurring on August 19, 1980, when he was employed by the Clinchfield Coal Corp. The trustees had before them a January 3, 1983, opinion and award of the Industrial Commission of Virginia. Reviewing Lowe's disability claim, that Commission stated, "[w]hile we have no doubt the claimant is unable to engage in substantial, gainful employment, we are of the opinion that his inability is as a result of medical impairments completely unrelated to the trauma which he sustained at work on August 19, 1980." The trustees also had before them the opinion of the Social Security Administration administrative law judge ("ALJ") which found that Lowe was disabled from October 9, 1980, because of ten medical problems. As the district court found, however, only one of Lowe's medical problems was likely to have been the result of an accident. That problem was osteorheumatoid arthritis of the lumbosacral spine. As the district court also noted, however, that condition could easily have resulted from Lowe's work in the mines over a period of years, rather than from a specific accident. The trustees could reasonably conclude that Lowe was not disabled as a result of a mine accident.
 
 
 7
 On appeal, Lowe has attempted to present documents to this court which he appears to contend were not before the district court. As an appellate court, however, this Court declines to consider evidence not before the district court. See, e.g., Coalition for Responsible Regional Development v. Brinegar, 518 F.2d 522, 527 (4th Cir.1975). Moreover, a federal court is to focus on the evidence before the trustees at the time of their final decision and is not to hold a de novo factual hearing on the question of applicant's eligibility. LeFebre, supra, at 204.
 
 
 8
 Accordingly, we conclude that the trustees' decision to deny disability pension benefits was based upon substantial evidence. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument. The judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.